UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ANTHONY RODRIGUEZ,                   : 98 Civ. 0063 (LAP) (JCF)
                                     :
            Petitioner,              :    REPORT AND
                                     :    RECOMMENDATION
     - against -                     :
                                     :  USDS SDNY
ROBERT KUHLMAN, Superintendent,      :  DOCUMENT
                                     :  ELECTRONICALLY FILED
            Respondent.              :  DOC #: _____
- - - - - - - - - - - - - - - - - - -:  DATE FILED: 7/10/13
TO THE HONORABLE LORETTA A. PRESKA, CHIEF JUDGE:

    Anthony Rodriguez brings this motion pro se pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure seeking an order vacating a final judgment that dismissed as untimely his petition for a writ of habeas corpus. However, the movant fails to show that an "extraordinary circumstance" justifies relief, Gonzalez v. Crosby, 545 U.S. 524, 535 (2005), or that he filed the motion within a "reasonable" time following the judgment as required by Rule 60(c)(1). Because Mr. Rodriguez has not met his burden of demonstrating entitlement to relief from a final judgment, I recommend that the motion be denied.

Background and Procedural History

    On November 16, 1993, Mr. Rodriguez was convicted in New York State Supreme Court, Bronx County, of two counts of murder in the second degree pursuant to New York Penal Law § 125.25 and sentenced to consecutive terms of twenty years to life and twenty-five years

1

to life, respectively.  (Motion to Vacate Judgment dated December 27, 2012 ("Motion") at 4, ¶ 5; Declaration of Cynthia Carlson dated May 13, 2013 ("Carlson Decl."), ¶ 3).  The Appellate Division, First Department, affirmed the conviction on March 19, 1996, People v. Rodriguez, 225 A.D.2d 396, 640 N.Y.S.2d 10 (1st Dep't 1996), and on July 24, 1996, the Court of Appeals denied leave to appeal, People v. Rodriguez, 88 N.Y.2d 969, 647 N.Y.S.2d 723 (1996).  On December 15, 1996, Mr. Rodriguez moved pursuant to New York Criminal Procedure Law ("CPL") § 470.50 for reconsideration of the Court of Appeals' decision.  (Request for Reargument dated December 15, 1996, attached as Exh. 3 to Carlson Decl., at 1-3).  That motion was denied on March 3, 1997.  People v. Rodriguez, 89 N.Y.2d 1015, 658 N.Y.S.2d 253 (1997).

    Mr. Rodriguez then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on November 14, 1997.  (Petition for Writ of Habeas Corpus dated November 14, 1997, attached as Exh. 5 to Carlson Decl., at 1).  He subsequently amended the petition to include a claim of ineffective assistance of counsel.  (Order dated September 3, 1999, attached as Exh. 8 to Carlson Decl., at 1).  But, because Mr. Rodriguez had failed to exhaust the ineffective assistance claim in state court, his petition was dismissed without prejudice on December 27, 1999, by the Honorable Barbara S. Jones, U.S.D.J.  (Memorandum Opinion and

Order dated December 27, 1999, attached as Exh. 11 to Carlson Decl.).

In order to pursue his ineffective assistance claim, Mr. Rodriguez then filed a motion pursuant to CPL § 440.10 in New York State Supreme Court, Bronx County, on January 11, 2000. (Affidavit in Support for Relief under CPL § 440.10 dated January 11, 2000, attached as Exh. 12 to Carlson Decl., at ¶ 10). The motion was denied on April 14, 2000 (Decision and Order of Dismissal dated April 14, 2000, attached as Exh. 14 to Carlson Decl., at 3-4), and the Appellate Division denied leave to appeal on June 15, 2000 (Certificate Denying Leave dated June 15 2000, attached as Exh. 15 to Carlson Decl.). Finally, on June 5, 2000, Mr. Rodriguez filed an application for a writ of error coram nobis, which was denied on January 30, 2001. (Order dated January 30, 2001, attached as Exh. 18 to Carlson Decl.).

Mr. Rodriguez then refiled his petition for a writ of habeas corpus on March 20, 2001. Because his prior case had been closed, the petition received a new docket number, 01 Civ. 6166, and was assigned to the Honorable Michael B. Mukasey, U.S.D.J. On October 3, 2003, Judge Mukasey dismissed it as untimely. (Order dated October 3, 2003 ("Oct. 3, 2003 Order"), attached as Exh. 3 to Motion). While this petition was pending, Mr. Rodriguez filed a

3

second CPL § 440.10 motion on July 25, 2001, alleging ineffective assistance of counsel based on different grounds than his earlier CPL § 440.10 motion.  (Motion Pursuant to CPL § 440.10 dated July 25, 2001, attached as Exh. 19 to Carlson Decl., at 16).  On March 22, 2002, the motion was denied.  (Decision and Order dated July 25, 2001, attached as Exh. 21 to Carlson Decl.).

Mr. Rodriguez now asserts five grounds that he believes justify relief from the final judgment.[1]  First, he claims that extraordinary circumstances existed at the time Judge Mukasey dismissed his petition that warranted equitable tolling of the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), 28 U.S.C. § 2241 et seq. (Motion at 3).  Second, Mr. Rodriguez claims that the respondent's delay of nearly two years in opposing his initial habeas petition should have equitably tolled the AEDPA's statute of limitations.  (Motion at 3).  Similarly, he contends that the Court's alleged eight-month delay in ordering the respondent to answer his initial petition should have tolled the limitations period.  (Motion at 3).  Further, the movant argues that he is excused from state procedural default because he was abandoned by his appellate counsel.  (Motion at 3).  Finally, Mr. Rodriguez

---

[1] I address the claims in a different order than they are presented in the Motion.

asserts that a change in law effected by Maples v. Thomas, __ U.S. __, 132 S. Ct. 912 (2012), constitutes an "extraordinary circumstance" entitling him to equitable tolling. (Motion at 3).

Mr. Rodriguez asks for the reinstatement of his initial petition. (Motion at 9, ¶ 16). However, for purposes of the disposition of the instant motion, I must assume that Mr. Rodriguez is seeking reinstatement of the refiled petition since the initial petition was dismissed without prejudice. Accordingly, I will construe the motion as seeking to vacate the order of Judge Mukasey dismissing the refiled petition.[2]

The respondent argues that the motion is untimely (Carlson Decl., ¶¶ 21-23), and that even if it were timely, Mr. Rodriguez has failed to show an "extraordinary circumstance" justifying vacatur of the 2003 judgment, as required by Rule 60(b)(6) (Carlson Decl., ¶ 24). Finally, the respondent maintains that the petitioner is not entitled to equitable tolling for any of the period between the initial filing of his petition and the refiling because he has not demonstrated an "extraordinary circumstance" as defined by the equitable tolling doctrine or that he acted diligently to file the motion. (Carlson Decl., ¶ 27).

---

[2] Since the motion effectively attacks the judgment in 01 Civ. 6166, it should have been filed under that docket number. However, Mr. Rodriguez's mislabeling of his motion has no substantive significance.

Discussion

    A. <u>Rule 60(b) and Writs of Habeas Corpus</u>

A threshold question is whether Mr. Rodriguez's application should be treated as a motion to vacate a judgment under Rule 60(b), as it is styled, or as a second or successive habeas petition, subjecting it to the AEDPA's restrictions on such petitions. <u>See</u> 28 U.S.C. § 2244(b).

A motion to vacate may be deemed a successive habeas petition where it asserts a "federal basis for relief from a state court's judgment of conviction." <u>Gonzalez</u>, 545 U.S. at 530. Such a motion "is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the [AEDPA]." <u>Id.</u> at 531 (quoting 28 U.S.C. § 2254 Rule 11). Consequently, if the motion "is filed in a district court without the authorization by [the Court of Appeals], the district court should transfer the petition or motion to [the Court of Appeals] in the interest of justice." <u>Liriano v. United States</u>, 95 F.3d 119, 123 (2d Cir. 1996); <u>see also</u> 28 U.S.C. § 2244(b)(3); <u>Gonzalez</u>, 545 U.S. at 532. Conversely, where a motion to vacate "attacks the integrity of the [previous] habeas proceeding and not the underlying conviction," it is properly analyzed pursuant to Rule 60(b). <u>Harris v. United States</u>, 367 F.3d

6

74, 77 (2d Cir. 2004); see also Gonzalez, 545 U.S. at 533.

In the instant motion, Mr. Rodriguez challenges the conduct of his prior habeas proceeding. He does not maintain that ineffective assistance of counsel or a change in decisional law are grounds for vacating the conviction entered against him in 1993. Instead, he argues that these factors constitute cause to vacate the judgment dismissing his refiled petition. That is, he asks for reinstatement of his petition, not for dismissal of his judgment of conviction. (Motion at 9, ¶ 16). Consequently, Mr. Rodriguez's motion is not a successive habeas petition and must be analyzed as a Rule 60(b) motion.

B. Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure establishes the framework for a movant to pursue relief from a final judgment or order. The rule provides for relief on the following grounds: "mistake, inadvertence, surprise or excusable neglect," Fed. R. Civ. P. 60(b)(1); "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2); "fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3); "the judgment is void," Fed. R. Civ. P. 60(b)(4); "the judgment has been

satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," Fed. R. Civ. P. 60(b)(5); or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). In the instant case, Mr. Rodriguez does not assert any of the grounds listed in Rule 60(b)(1)-(5). He makes no claim of mistake, no claim of newly discovered evidence, no claim of fraud, no claim that the judgment is void, and no claim that it has been satisfied. Therefore, his motion will be analyzed under Rule 60(b)(6).

C. Rule 60(b)(6)

Vacating a final judgment pursuant to Rule 60(b)(6) requires "extraordinary circumstances." Gonzalez, 545 U.S. at 535; see also United States v. International Brotherhood of Teamsters, 247 F.3d 379, 391 (2d Cir. 2001). Furthermore, although Rule 60(b)(6) has no definite statute of limitations, a motion made pursuant to that section "must be made within a reasonable time" after the date of the judgment being challenged. Fed. R. Civ. P. 60(c)(1); see also Flemming v. New York, 423 F. App'x. 64, 65 (2d Cir. 2011). The Second Circuit has held that "reasonableness" is determined by looking at "'the particular circumstances of each case'" and balancing the "'interest in finality with the reasons for delay.'"

Flemming, 423 F. App'x at 65 (quoting PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983)).  Under this standard, the Second Circuit has found that even one year's delay may be unreasonable.  PRC Harris, 700 F.2d at 897 (holding one-year delay from date judgment was entered unreasonable under Rule 60(b)(6)); see also Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (holding three and one-half year delay from date of judgment unreasonable); Fustok v. Conticommodity Services Inc., 122 F.R.D. 151, 158 (S.D.N.Y. 1988), aff'd, 873 F.2d 38 (2d Cir. 1989) (noting that two-year delay was unreasonable).

### 1. Challenge to Judge Mukasey's Dismissal

Mr. Rodriguez's first three claims are interrelated.  He first argues that the final judgment should be vacated because Judge Mukasey erred in refusing to toll the limitations period for his petition on the basis of extraordinary circumstances.  This contention subsumes Mr. Rodriguez's second and third claims: that the respondent's two-year delay in filing a brief and the Court's alleged eight-month delay in ordering the respondent to file an answer caused the petition to be untimely.  In other words, these claims are essentially the "extraordinary circumstances" that Mr. Rodriguez argues would potentially warrant equitable tolling.  It is unnecessary to analyze whether extraordinary circumstances as

9

defined by Rule 60(b)(6) exist here because these claims are unequivocally time-barred.

In 2003, Judge Mukasey rejected, on the merits, the movant's argument that the limitations period should be equitably tolled because of extraordinary circumstances. (Oct. 3, 2003 Order at 2). Now, nine years later, Mr. Rodriguez attempts to advance contentions that he was aware of at the time of Judge Mukasey's decision and either raised or could have raised then. His unexplained delay simply cannot outweigh the interest in finality. Therefore, Mr. Rodriguez's claims relating to Judge Mukasey's decision not to apply equitable tolling must be dismissed as time-barred.

### 2. Change in the Law

Mr. Rodriguez's fourth and fifth claims may also be addressed together. He contends that the judgment should be vacated because his appellate attorney "abandoned" him, causing a procedural default, and because attorney abandonment must now be viewed through the lens of a change in the law -- the Supreme Court's decision in Maples. But "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)," Agostini v. Felton, 521 U.S. 203, 239 (1997), and in any event, any change occasioned by

10

Maples is not material here.  Maples holds that abandonment by an attorney is cause relieving a petitioner from what would otherwise be a state procedural default.  Maples, __ U.S. __, 132 S. Ct. at 923-24.  However, there is no instance of procedural default in Mr. Rodriguez's case.  All of his previous claims were rejected on the merits in state court.  Moreover, Judge Mukasey never cited state procedural default as a bar to Mr. Rodriguez's petition.  Instead, the cause for dismissal was Mr. Rodriguez's untimeliness in filing his petition in federal court.  Further, Maples establishes no new law relating to the application of equitable tolling, which is the basis for Mr. Rodriguez's claim in the instant motion.  Therefore, Maples is inapplicable to Mr. Rodriguez's argument that he merits relief from the final judgment.

A better argument for a change in the law constituting an extraordinary circumstance might have focused on Holland v. Florida, __ U.S. __, 130 S. Ct. 2549 (2010), which the Court cited in Maples.  In Holland, the Supreme Court held that (1) equitable tolling applies to the AEDPA's statute of limitations, id. at __, 130 S. Ct at 2554, and (2) an attorney's abandonment may be sufficient to establish an extraordinary circumstance required for equitable tolling, id. at __, 130 S. Ct. at 2564.  However, whether Mr. Rodriguez's case presents an issue of attorney abandonment by appellate counsel need not be reached because it is

11

plain that the delay between the decision in Holland and his filing of the instant motion was unreasonable.  Holland was decided on June 14, 2010, and the instant motion was filed on December 27, 2012.  Mr. Rodriguez presents no explanation for his two and one-half year delay, and the record provides none.  Consequently, any claim based on a change in decisional law effected by Holland is likewise time-barred.[3]

Conclusion

For the reasons set forth above, I recommend that Mr. Rodriguez's motion to vacate the 2003 dismissal of his petition (Docket no. 18) be denied.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure,

---

[3] In his reply papers, Mr. Rodriguez also argues that this Court erred because it did not stay his initial petition. (Affidavit and Affirmation of Law in Reply to Respondent's Answer Pursuant to Rule 60(b)(6) dated July 2, 2013, at ¶¶ 10-11, 25-27). While Mr. Rodriguez could have raised this argument at the time of Judge Mukasey's dismissal, he did not.  Further, at that time, Mr. Rodriguez also had available to him the change in the law effected by Duncan v. Walker, 533 U.S. 167 (2001).  In Duncan, the Court ruled that the pendency of a federal habeas petition does not toll the AEDPA's statute of limitations.  Id. at 181-82.  That decision overruled the governing law in the Second Circuit which had held that filing a federal habeas petition did toll the statute of limitations.  See Walker v. Artuz, 208 F.3d 357, 360 (2d Cir. 2000).  Therefore, Mr. Rodriguez might have argued that this change in the law constituted an "extraordinary circumstance" justifying tolling the limitations period for his refiled petition. Nevertheless, this argument is time-barred because Duncan was decided twelve years ago.

the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Loretta A. Preska, Room 2220, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

                                        Respectfully submitted,

                                        JAMES C. FRANCIS IV
                                        UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
      July 10, 2013

Copies mailed this date to:

Anthony Rodriguez
93A9247
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

Cynthia A. Carlson, Esq.
Assistant District Attorney
198 East 161st St.
Bronx, NY 10451